Wachtler, J.
The evidence clearly established that the defendant had committed a vicious, depraved and nearly fatal assault on his 17-year-old victim in March of 1970, and was sufficient to sustain the conviction for assault in the second degree (Penal Law, § 120.05). Since the assault was directed at an “ intimate part ” of the victim’s body and was apparently motivated by a sadistic desire to obtain sexual gratification, the evidence also indicated that the defendant might have been guilty of sexual abuse in the first degree (Penal Law, § 130.65). This latter crime, which was not charged in the indictment, requires corroboration (Penal Law, § 130.15), and although there was ample medical testimony to establish the assault, absent the victim’s testimony, there was nothing to connect the defendant with the crime.
The fact that the evidence revealed that the defendant might have been guilty of this uncharged sex offense as well as assault, imposed no additional burden on the People. The argument that the victim’s testimony must be corroborated whenever it indicates that the defendant has committed or might have committed, any sex offense requiring corroboration, is not supported by current law. (See People v. Jenkins, 22 N Y 2d 675, 677.)
To extend the holding of People v. Radunovic (21 N Y 2d 186, 190) to embrace this proposition would serve no useful purpose. The exact scope of the corroboration statute must be coextensive with the legislative intent. (People v. Lo Verde, 7 N Y 2d 114; People v. Reynolds, 25 N Y 2d 489.) In view of the recent clarification of legislative intent manifested in section 130.15 (subd. 5) of the Penal Law application of the Radunovic principle to crimes committed prior to June 22,1972 must be guided by a strict adherence to the facts involved in Radunovic and the companion decisions.
The order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Gabrielli and Jones concur.
Order affirmed.